IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE BRAMBLE, JENNIFER | : | CIVIL ACTION |
| LYNCH, on behalf of themselves | : | NO. 09-4932 |
| and all others similarly situated | : | |
| v. | : | |
| | : | |
| WAL-MART STORES, INC., et al. | : | |
| | : | |

O'NEILL, J.                                                          February 7, 2011

### MEMORANDUM

Plaintiffs Andre Bramble and Jennifer Lynch were employed by defendant Wal-Mart
Stores, Inc. as Asset Production Coordinators.  Plaintiffs allege that defendant improperly
classified and compensated APCs as exempt employees and seek to bring a nationwide collective
action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29
U.S.C. § 201 et seq.  On September 27, 2010, defendant Wal-Mart Stores, Inc. moved to compel
plaintiffs to: (1) produce copies of letters sent to plaintiffs and any opt-in plaintiffs by counsel
prior to their retention of counsel; (2) identify all APCs who received similar letters; and (3)
produce copies of all such letters sent to Asset Production Coordinators who have not joined in
this action.  On October 19, 2010, plaintiff produced to defendant copies of the mailing sent to
plaintiffs prior to their joining this action and disclosed that the mailing was sent to 17 APCs
(three of whom are now plaintiffs or opt-ins).  It remains for me to decide whether defendant is
entitled to discovery of the identity of the 14 APCs who were contacted by plaintiffs' counsel and
who have not joined in this action.  Plaintiffs assert that the requested information is protected
from disclosure pursuant to the work product doctrine.  I disagree.  Accordingly, I will grant

defendant's motion to compel.

Federal Rule of Civil Procedure 26(b)(1) permits litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he identity and location of persons who know of any discoverable matter" are explicitly within the scope of permissible discovery. Id. There is no question that the information sought by defendants – the identity of the 14 APCs contacted by plaintiff's counsel and who did not join in the action – is relevant. "Where Plaintiffs are bringing this litigation on behalf of all others similarly situated, employees [or former employees] who Plaintiffs or their attorneys have had contact with regarding this lawsuit in an attempt to find other similarly situated employees is relevant." Butler v. Oak Street Mortg., LLC, No. 06-80604, 2006 WL 5519070, at * 3 (S.D. Fl. Dec. 22, 2006) (granting motion to compel discovery of names and contact information of individuals contacted by plaintiffs or their attorneys in conjunction with FLSA collective action).

Plaintiffs assert that defendants' request constitutes an "improper attempt to pry into the protected thought processes and work product of Plaintiff's counsel." Pl.'s Opp. to Def.'s Mot. to Compel at 3-4. "[T]he work product doctrine protects against the disclosure of an attorney's mental processes and legal opinions; the critical question is the extent to which the information discloses an attorney's thought processes." In re Aetna Inc. Secs. Litig., No. MDL 1219, 1999 WL 354527, at * 3 (E.D. Pa. May 26, 1999) I find that, "at most," the information sought by defendants has "minimal work product content." Id., at *2 (compelling disclosure of a list of witnesses described, but not identified, in plaintiffs' Second Amended Complaint). "The mere identification of persons who know facts bearing on [the claims outlined in plaintiff's complaint]

-2-

tells [defendant] nothing new about the mental processes of [plaintiff's] lawyers." American Floral Servs., Inc. v. Florists' Transworld Delivery Ass'n, 107 F.R.D. 258, 261 (N.D. Ill.1985).

In United States v. Amerada Hess Corp., 619 F.2d 980, 987-88 (3d Cir. 1980), the Court of Appeals found that while a list of persons interviewed by Amerada Hess' counsel was work product, disclosure of the list would "not directly or indirectly reveal the mental processes of [defendant's attorneys]. The court upheld the district court's order allowing production of the list finding that

> [w]here, as here, the work product in question is of rather minimal substantive content, and presents none of the classic dangers to which the [work product doctrine] is addressed, the government's showing of need can be comparatively lower. Avoidance of the time and effort involved in compiling a similar list from other sources is, in this case, a sufficient showing of need.

Id. at 988. Similarly, in American Floral Services., Inc., 107 F.R.D. at 260-261, the court ordered the identification of witnesses interviewed by the plaintiff where the plaintiff had identified over 200 witnesses with knowledge of the defendant's procedures, but refused to specifically identify two employees having inculpatory information. The court held that the defendant's "ability to distill the 200-person list . . . into the two names of persons with allegedly inculpatory information smacks of a needle-in-haystack search: time-consuming, wasteful and expensive. And that process should not be forced on [defendant] just because the alternative of disclosure makes [defendant's] job easier at plaintiff's expense." Id. at 260-61. Defendant argues that it would be far less burdensome for plaintiffs to produce the 14 names requested than for it to work its way through a list of approximately 6,000 current and former APCs in order to discover the identity of the APCs who were contacted by plaintiffs' counsel but who have not joined in this

action.  I agree.

An appropriate Order follows.